J. M. DICK, ADMINISTRATOR, ET AL., APPELLANTS, *v.* FRANCIS L. KENDALL ET AL., RESPONDENTS.

SUIT PENDING.—A suit is to be deemed pending until an appeal is perfected, or until the period for taking an appeal has expired.

CONTINUANCE BY REPRESENTATIVES.—The representatives or successors in interest of a deceased party, have one year after his death, within which to make application for a continuance; and the application if made within the year, is in time, although the order granting the continuance be not made until after the expiration of the year.

SUSPENSION OF SUIT.—The suit is suspended during the period between the death and the order granting a continuance, and this period is not to be deemed any part of the time limited for taking an appeal.

APPEAL from Linn County.

This is an appeal from a final decree of the circuit court, in a suit for a specific performance of an agreement to convey real property, brought by one Craig.

After the decree had been rendered, and before the expiration of six months—the time allowed for appeal—from the date thereof, Craig, the original plaintiff, died. Before the expiration of the six months from the date of the decree, Dick, the appellant, qualified as Craig's administrator, and with the other appellants, who were the heirs at law of Craig, served notice of appeal from the decree, and filed the necessary undertaking therefor. No order was made in the court below substituting them as parties in the suit, or allowing the cause to be continued in their names.

The respondents moved to dismiss the appeal on the ground that the appellants have no authority to prosecute the same without first obtaining an order of the circuit court therefor.

*Powell & Flynn and N. B. Humphreys,* for the motion.

*Strahan & Burnett, contra.*

By the Court, SHATTUCK, J. :

1. That the suit is to be deemed pending in the circuit court until an appeal is perfected, or until the period for taking an appeal has expired. (Civ. Code, 213, sec. 505.)

2. That the alleged service of notice of appeal and filing the same with an undertaking for appeal, by the representatives of the deceased plaintiff, before any order under section 37 of the civil code, allowing the suit to be continued by such representatives and heirs, did not operate to give the court jurisdiction of the cause.

3. That the representatives or successors in interest of a deceased party have one year after the death of the party to apply for leave to continue the suit; and the application to the proper court, by proper petition and proofs of service of notice, is in time, if made within one year, although the court may not in fact make the order allowing the motion until after the expiration of the year.

4. That the suit is suspended during the period between the death and the order allowing the representatives to continue the suit, and that this period is not to be deemed any part of the time limited for taking an appeal.