Submitted on briefs July 10, affirmed September 8, rehearing denied October 6, 1914.

## SMITH TYPEWRITER CO. *v.* McGEORGE.

(143 Pac. 905.)

**New Trial—Grounds—Error of Law.**

1.   Under Section 548, L. O. L., providing that a final order affecting a substantial right and made in a proceeding after a judgment or decree is reviewable on appeal, and that an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, ʳhall be deemed a judgment or decree, the right of a Circuit Court to set aside a judgment and grant a new trial can be exercised only when in the trial error has been committed that is so prejudicial that the judgment would be reversed on appeal.

   [As to power of court to grant new trial of its own motion, see note in Ann. Cas. 1914A, 412.]

**Principal and Agent—Unauthorized Acts—Ratification.**

2.   An instruction that when a person acts beyond his authority as agent the principal will be bound if he ratifies the act, and a ratification results when the principal approves what the agent did with full knowledge of the acts of the agent, and, if the principal approves that which is beneficial, he is bound by the remaining provisions of the contract, is properly erroneous; the phrase "with full knowledge" not extending to the portion of the instruction relating to approval of what is beneficial.

From Coos: LAWRENCE T. HARRIS, Judge.

This is an action by the L. C. Smith & Brothers Typewriter Company against C. F. McGeorge. From

an order setting aside the judgment in favor of defendant, he appeals. Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.     REHEARING DENIED.

For appellant there was a brief over the name of *Mr. Robert O. Graves.*

For respondent there was a brief over the names of *Mr. J. O. Stemmler, Mr. A. J. Sherwood, Mr. Lawrence A. Liljeqvist, Mr. Martin L. Pipes* and *Mr. Samuel B. Huston.*

*Mr. John F. Hall* and *Mr. A. H. Blatchley,* of counsel.

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the defendant from an order setting aside a judgment rendered in his favor. The facts are that the plaintiff sold and delivered to the defendant typewriters and supplies therefor of the agreed value of $927; no part of which having been paid, this action was instituted to recover that sum, the complaint being in the usual form. The answer admitted most of the averments of the initiatory pleading, but denied that any sum was due from the defendant to the plaintiff. For further defenses it was averred, in effect, that on October 1, 1912, the plaintiff appointed the defendant its general selling agent in Coos and Curry counties, Oregon, for the term of one year, agreeing to pay him 25 per cent commissions on all sales of typewriters made in that territory during the time stated, either by himself or P. D. Chamberlain; that the latter sold typewriters in those counties

within the time specified, whereby the plaintiff received $7,283.20, on account of which the defendant was entitled to a commission of $1,820.81, less $927, the value of the goods and merchandise so received, whereby there remained due him $893.81, for which judgment was demanded. The reply put in issue the allegation of new matters in the answer, and the cause having been tried, the jury found for the defendant as he demanded. A judgment rendered therefor was, on motion of plaintiff's counsel, set aside and a new trial granted, and the order in this respect is brought up for review.

1. A final order affecting a substantial right and made in a proceeding after a judgment or decree is reviewable on appeal. An order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree: Section 548, L. O. L. Under the provisions of this statute, the right of a Circuit Court to set aside a judgment and grant a new trial can be exercised only when in the trial of a cause an error has been committed which is so prejudicial to the defeated party that the judgment rendered against him would, if allowed to remain in force, be reversed on appeal. When the trial court, within the time allowed, discovers that such a mistake of law has been made, it may *sui sponte,* or on motion, correct the error by setting aside the judgment and granting a new trial, thereby avoiding the necessity of and the expense that would be incurred by an appeal: *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291) ; *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431, 964) ; *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641).

2. The defendant maintained at the trial, and introduced testimony tending to show that, for a valuable consideration, he had been designated as the person to sell the plaintiff's typewriters in Coos and Curry counties for the term of one year from October 1, 1912, by P. D. Chamberlain, who was authorized to make the appointment and whose selection had been ratified by the plaintiff. Based on the testimony so received, the court instructed the jury as follows:

"Now, then, there is a further rule of law that, when a person acts beyond his authority as agent of another, the principal will be bound if he ratifies what the agent did, even if the agent exceeded his authority. An agent can also bind his principal when he acts within the limits of his authority, but an agent may exceed his authority. If he does exceed his authority, the principal is not bound, unless the principal ratifies the action of the agent. A ratification results always when the principal approves what the agent did with a full knowledge of the acts of the agent. There may also be a ratification of the act of the agent when the principal approves and receives that which is beneficial to himself. In other words, the principal cannot approve what is beneficial to him and reject what is not beneficial to him. Whenever an agent exceeds his authority, if the principal approves that which is beneficial to him, he is bound by the remaining provisions of the contract, whatever these provisions may have been."

An exception was taken by the plaintiff's counsel to this part of the charge.

The declaration in the instruction complained of, to the effect that when the principal, with full knowledge of the unauthorized acts of his agent, approves such acts, ratification results, does not seem to extend the qualifying phrase "with full knowledge" to the succeeding sentence so as to make cognizance by the prin-

cipal an ingredient of, or necessary to, ratification, when he approves and receives the fruit of any contract that may have been consummated by the agent in his behalf. From an examination of the first part of the charge, it will be observed that the word "approve" is made the essential factor to a ratification. Further in the instruction ratification is stated to result from the modifying words "approves and receives," without limiting such terms to a knowledge by the principal of the unauthorized acts of the agent. It is believed that the jury might have been misguided by the failure thus to qualify the expression referred to whereby a verdict was reached that might otherwise have been different if the latter part of the instruction had been more specific.

This error was prejudicial to the plaintiff, and, the judgment having been set aside on its motion, the action of the court in this respect should be affirmed, and it is so ordered.                                    AFFIRMED.