## McCANN v. BURNS.

(136 Pac. 659; 143 Pac. 1099; 143 Pac. 916; 143 Pac. 1100.)

### ON MOTION TO DISMISS.

**Appeal and Error—Time for Taking Appeal—Death of Party.**

1. Section 38, L. O. L., provides that no action shall abate by the death of a party if the cause of action survive, and in case of death the court may within a year allow the action to be continued by or against the personal representatives. Section 550, subdivision 5, as amended by Laws of 1913, page 618, limits the time for appeal to the Supreme Court to 60 days, but extends the time where the right of appeal existed at the taking effect of the act (June 3, 1913) 60 days from that date. A plaintiff obtained judgment January 29, 1913, and died February 12, 1913. On September 22, 1913, the court made an order substituting the executor as plaintiff. *Held*, that defendant had 60 days from the order of substitution within which to appeal.

**Appeal and Error—"Right."**

2. In Section 550, subdivision 5, L. O. L., as amended by Laws of 1913, page 618, limiting the time for appeal to the Supreme Court to 60 days, but extending the time where the right of appeal existed at the taking effect of the act to 60 days from such taking effect, the word "right" means a privilege, that is, a prerogative to take an appeal, and such right does not exist between the death of a party and an order for the substitution of personal representatives as parties.

ON MOTION TO STRIKE.

Appeal and Error—Record—Amendment and Correction—Bill of Exceptions.

3. After argument of a case on appeal, an amended bill of exceptions, allowed on the *ex parte* application of the appellant, and raising new questions, not raised by the original bill of exceptions, will be stricken out on motion.

ON THE MERITS.

Husband and Wife—Alienation of Affections—Actions—Evidence.

4. In an action by a wife for the alienation of the affections of her husband, evidence *held* insufficient to support a verdict for plaintiff, so that a nonsuit should have been granted.

[As to a wife's right to sue for alienation of her husband's affections, see notes in 28 Am. St. Rep. 217; 46 Am. St. Rep. 472.]

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action commenced by Margaret Burns against H. C. Burns and Mary L. Burns. On the death of plaintiff, her executor, D. R. McCann, was substituted as plaintiff. From a judgment for plaintiff, defendants appeal. The facts are fully set forth in the opinion of the court on the merits. Respondent moves to dismiss the appeal.      MOTION DENIED.

*Messrs. Moser & McCue, Mr. William A. Williams, Mr. Marion B. Meacham* and *Mr. B. A. Kliks,* for the motion.

*Messrs. Littlefield & Smith* and *Messrs. McCain, Vinton & Burdett, contra.*

MR. JUSTICE McNARY delivered the opinion of the court.

1. This is a motion to dismiss an appeal for the reason the same was not taken within 60 days from June 3, 1913. The facts giving force to the motion are these: On January 29, 1913, Margaret Burns obtained a judgment against appellants in the Circuit Court for Multnomah County, Oregon. On February 12, 1913,

she died. On September 22, 1913, upon the application of D. R. McCann, executor of the last will of decedent, the Circuit Court made an order substituting McCann as plaintiff. On September 25, 1913, appellants caused a notice of and undertaking on appeal to be served on the substituted plaintiff.

Section 38, L. O. L., reads: "No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest." In considering that statutory provision, this court has held that a suit or action is held in abeyance during the time intervening between the death of the party and the order allowing his representatives to continue the proceedings, and that this period is not to be deemed any part of the time limited for taking an appeal: *Dick* v. *Kendall*, 6 Or. 166; *McBride* v. *Northern Pacific Ry. Co.*, 19 Or. 65 (23 Pac. 814); *Stivers* v. *Byrkett*, 56 Or. 565 (108 Pac. 1014, 109 Pac. 386).

Section 550, L. O. L., subdivision 5, as amended by Chapter 319, General Laws of Oregon for 1913, provides: "An appeal to the Supreme Court, if not taken at the time of the rendition of the judgment or decree appealed from, or at the time of making the interlocu tory order appealed from, shall be taken by serving and filing the notice of appeal, within sixty (60) days from the entry of the judgment, order or decree appealed from or to the Circuit Court within thirty (30) days after such entry and not otherwise; provided, that in all cases where the right to an appeal to the Supreme Court shall exist at the time this act shall

come into force, the time for taking such appeal is hereby extended for the period of sixty (60) days thereafter." This legislative enactment became effective June 3, 1913, and 60 days thereafter ended at midnight August 2, 1913.

Counsel for respondent's position is that appellants, not having perfected their appeal until September 25, 1913, are without the statute, for the reason the amendatory act states expressly that in all cases where the right to appeal existed at the time the act became operative, it shall expire 60 days thereafter or at midnight August 2, 1913. Doubtlessly, that construction of the statute would be correct, if it were not for Section 38 *supra,* which suspended the action for that quantity of time between the death of Margaret Burns and the order allowing the substitution of McCann as executor, and during which period there was no one *in esse* upon whom service could have been made, and consequently no right of appeal existed.

2. The word "right" in this connection means a privilege, that is, a prerogative to take an appeal; therefore appellants' right of appeal did not inure until the day the Circuit Court made the order of substitution, and continued by force of the statute until 60 days thereafter.

Counsel for respondent intimate that there is another appeal pending in this court from the same judgment. The record shows that an ineffectual attempt was made to appeal prior to the order of substitution; but, on account thereof, the attempt was void, and this court did not acquire jurisdiction.

Motion to dismiss is overruled.

MOTION OVERRULED.

Allowed September 15, 1914.

On Motion to Strike.

(143 Pac. 916.)

Opinion by Mr. Chief Justice McBride.

This was an action by Margaret Burns against H. C. and Mary L. Burns, who were the parents of Hollie Burns, for alienating the affections of Hollie Burns from his wife, Margaret. The plaintiff had a verdict and judgment, and subsequently died, and D. R. McCann was appointed her administrator. Thereafter the defendants appealed.

3. Upon the argument and in the briefs frequent reference was made to the testimony in the case, and the transcript of the record here contains an order of the court certifying such transcript of testimony as a bill of exceptions; but the testimony is not attached to the order, nor is it on the files of the court, and there is no record of its having been filed. Subsequent to the argument of the case here, and after a suggestion that a transcript of the evidence alone would only allow the appellant to raise the single question as to the sufficiency of the evidence to go to the jury, appellants applied to the court *ex parte* for leave to amend the bill of exceptions originally filed, or which was supposed to have been filed, when the appeal was first brought here. The result is practically a new bill of exceptions, raising new questions that could not have been raised upon a simple transcript of the testimony, which the original bill of exceptions concededly was. While this court has been very liberal in permitting amendments to be made to correct mistakes in the original bill, it has never gone to the ex-

tent of allowing amendments to meet new phases of the case, developed upon the argument in this court.

Respondent urges, and justly, that appellants prepared and had certified exactly the kind of bill they asked for, and that it is unjust that, after argument here, they should be permitted to present a new bill, raising different issues from those triable upon the original bill. The cases in this court bearing upon this question are *State ex rel.* v. *Estes,* 34 Or. 197 (51 Pac. 77, 52 Pac. 571, 55 Pac. 25); *Bloch* v. *Sammons,* 37 Or. 600 (55 Pac. 438, 62 Pac. 290); *State* v. *Jennings,* 48 Or. 483 (87 Pac. 524, 89 Pac. 421); *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016); *McGregor* v. *Oregon R. & N. Co.,* 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668). In all these cases, except the one last .cited, the moving party was the respondent, who sought to correct some mistake or omission of the appellant, which left the bill of exceptions in such a condition that it did not state truly what actually took place in the lower court; and in the last case mentioned a paper referred to in the bill of exceptions, and evidently intended to have been incorporated, had been accidentally omitted, and the court permitted it to be incorporated after the case had been argued here. In our judgment these cases carry the rule as far as this court ought to go. Justice Hailey, in *State* v. *Jennings,* 48 Or. 483 (87 Pac. 524, 89 Pac. 421), speaking of the previous holdings of this court permitting amendments to the bill in certain cases, remarks:

"It is doubtful whether this rule of practice, liberal as it is, supports the right in a party to obtain by way of amendment to a bill of exceptions a substantially new bill after the adjournment of the term."

The order permitting the appellant to apply to the court below was made *ex parte,* as many such orders, are, and is not binding upon respondent.

The motion to strike out the amended bill of exceptions is allowed.        Motion Allowed.

Mr. Justice Moore, Mr. Justice Burnett and Mr. Justice Ramsey concur.

---

Reversed September 29, 1914.

On the Merits.

(143 Pac. 1099.)

Department 1.   Statement by Mr. Justice Burnett.

This action was commenced originally by Margaret Burns against the parents of her husband to recover damages for the alleged alienation of the affections of her spouse by the defendants.   After judgment for the plaintiff she died, and this appeal is prosecuted on substitution of the present plaintiff as the personal representative of the deceased wife.   The amended complaint, after stating the marriage of the plaintiff and her husband on August 17, 1905, and the marriage relation existing between the defendants, states that she and her husband lived happily together and that he was deeply attached to her continuously until August 1, 1912.   The gravamen of the complaint is contained in the fourth allegation reading thus:

"That soon after said marriage, and in and during the years 1906 to 1912, defendants herein wrongfully and maliciously, and with intent to injure plaintiff, to deprive her of the comfort of her said husband's society, support, love and assistance, and to alienate his affections for plaintiff, conspired together and

sought, by coaxing, by threats to disinherit said Hollie Burns, by making disparaging remarks concerning the plaintiff, and by poisoning the mind of said Hollie Burns concerning the habits of plaintiff and concerning her religion, and in divers other ways, to induce said Hollie Burns to separate himself from the plaintiff and to abandon and desert her.''

She then charges that since August 1, 1912, on account of the alleged misconduct of the defendants, her husband's affections for her had been alienated, and he had deserted and abandoned her to her damage in a sum specified.

The conjugal relations of the parties are admitted by the answer, which, however, traverses the complaint in many particulars, especially as to the excerpts quoted above. As new matter the defendants assert, in substance, that they did everything they could to promote the happiness of the young couple during their married life, and exerted all their influence to compose the little differences that often arise between young married people.

The new matter in the answer is denied by the reply. A jury trial resulted in a verdict and judgment for the plaintiff, from which the defendants appeal.

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Edwin V. Littlefield, Mr. Isham N. Smith* and *Messrs. McCain, Vinton & Burdett,* with oral arguments by *Mr. Littlefield* and *Mr. Smith.*

For respondent there was a brief over the names of *Mr. B. A. Kliks, Mr. Marion B. Meacham, Messrs. Moser & McCue* and *Mr. William A. Williams,* with oral arguments by *Mr. Kliks and Mr. Meacham.*

Mr. Justice Burnett delivered the opinion of the court.

4. The bill of exceptions propounded in the cause consists of a literal report of all the testimony, objections and argument of counsel, and remarks of the court exactly as they occurred at the trial. This was insufficient to support any of the assignments of error, except the one predicated on the denial of the motion for a nonsuit. After argument here the defendants applied to the Circuit Court and obtained an amended bill of exceptions intended to conform to the rules laid down in *National Council* v. *McGinn,* 70 Or. 457 (138 Pac. 493), and previous precedents. This, however, was stricken out on motion of the plaintiff, and the cause is now to be determined upon the correctness of the ruling of the Circuit Court in denying the motion for a nonsuit.

The plaintiff and her husband separated May 18, 1912, and both of them took measures toward obtaining a divorce; while the amended complaint asserts that the plaintiff retained the love and affection of her husband until August 1st of that year. No act or declaration of the defendants in any way relating to either the plaintiff or her husband is shown to have occurred later than the month of May, 1912, and it is manifest that her husband's affections for her were not alienated by anything done prior to that time if we are to be governed by the plaintiff's pleading.

Aside from that, however, a careful reading of the testimony leads to the conclusion that the allegation of the complaint charging tort upon the defendants is not proven, and that there was no competent testimony to go to the jury in support of that vital aver-

ment.  The parents and the young couple lived together
almost all the married life of the plaintiff and her hus-
band.  It was natural that with two households in
one dwelling there should be occasionally some fric-
tion between the persons composing them, but in every
instance of the kind, as disclosed by the plaintiff's own
testimony, her husband sided with her.  She makes
much of what he told her about the threat of his father
to disinherit him, and, repeating the son's statement
to her, she declares that he told her his father would
disinherit him because of his marriage to the plaintiff.
There is no testimony, however, of anyone who ever
heard the father threaten to disinherit the son on that
account.  Her statements in that respect were mere
hearsay as against the defendants.  It is true that
there is evidence of a quarrel between the defend-
ant's father and the son in which the latter cursed
the parent, who retorted that unless the young man
amended his ways he would be disinherited; but on no
occasion did the father ever assign the marriage rela-
tion existing between the plaintiff and the son as a
reason for such a course.  On a mere question of fact,
a detailed review of the testimony would serve no last-
ing purpose in the reports of the state.  It is sufficient
to say that, in our judgment, the testimony fails to
support the allegations in the complaint that the ac-
tions of the defendants were designed to alienate the
affections of the young husband from his wife or that
they had that effect.  The true key to the situation is
disclosed by the testimony of the plaintiff herself, who
relates how she discovered that her husband had
taken up with another woman.  This solves the whole
question.

The judgment for a nonsuit ought to have been entered and the cause is reversed, with directions to make that disposition of the matter.

Reversed and Remanded.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Ramsey concur.

Denied November 24, 1914.

On Petition for Rehearing.

(143 Pac. 1100.)

Opinion by Mr. Chief Justice McBride.

In the petition for rehearing counsel for respondent questions the soundness of the opinions in *Dick* v. *Kendall*, 6 Or. 166, and in *McBride* v. *Northern Pacific R. Co.*, 19 Or. 65 (28 Pac. 814), which hold in effect that the limitation of the time for taking an appeal is suspended during the time intervening between the death of a party and the substitution of his administrator. In the latter case the writer of this opinion was the respondent, and strove strenuously, but without avail, to convince the Supreme Court that the view now advanced by respondent was the correct one, but was overruled. Were the question *res integra,* the view taken by counsel might be adopted, but these decisions, having been made one over 38 years and the other 24 years ago, must be deemed to have settled the practice in this state.

Reference is made to the former opinion of this court on the motion (143 Pac. 917), wherein this statement occurs:

73 Or.—12

"Upon the argument and in the briefs frequent reference was made to the testimony in the case, and the transcript of the record here contains an order of the court certifying such transcript of testimony as a bill of exceptions; but the testimony is not attached to the order, nor is it on the files of the court, and there is no record of its having been filed."

Further investigation showed this statement to have been a mistake. The first appeal was taken, and the bill of exceptions prepared, while the plaintiff was still living, and the transcript of testimony and bill of exceptions were entitled *Burns* v. *Burns.* Subsequently Mrs. Burns died, and a new appeal was taken. Application was made to the court to withdraw the transcript of testimony, which was granted, and the bill was then made a part of the second transcript. Later it was again taken from the files for the purpose of use in preparing the amended bill of exceptions, and when it was returned the clerk, probably misled by the title, placed it with the papers in *Burns* v. *Burns,* and as a result it was overlooked when the motion to strike out the amended bill of exceptions was considered.

Upon the merits, the court is still of opinion that there is no testimony tending to show that any act or word of defendants alienated the affections of their son from his wife. Reversed. Rehearing Denied.

Mr. Justice Moore, Mr. Justice Burnett and Mr. Justice Ramsey concur.