Motion to dismiss appeal filed December 16, 1915, appeal dismissed
January 18, 1916.

## BREWSTER *v.* SPRINGER.

### (154 Pac. 418.)

**New Trial—Error of Law at Trial as Grounds Therefor.**

1.   Section 548, L. O. L., provides that an order setting aside a
judgment and granting a new trial, for the purpose of being reviewed,
shall be deemed a judgment or decree.   The trial court has the right,
where an error has been committed that is so prejudicial to the de-
feated party that on appeal the judgment or decree would be reversed,
to correct the error by setting the judgment aside and grant a new
trial either *sua sponte* or on motion.

> [As to power of court to grant a new trial on its own motion,
> see note in Ann. Cas. 1914A, 412.]

**Appeal and Error—Amending Bill of Exceptions Before Hearing on
    Appeal.**

2.   Jurisdiction of the cause is retained by the trial court regard-
less of the fact that the case has been appealed, and it may at any
time before the appeal is heard and determined amend the bill of
exceptions so it will conform to the facts.

**Appeal and Error—Vacation of Judgment to Make Findings and Re-
    entry of Judgment.**

3.   Following precedents already established in this state, a trial
court may within the time limited therefor set aside a judgment and
amend the final determination by making and filing findings and ren-
der judgment thereon, even where an appeal has been taken but not
heard, and it is the duty of such trial court to do so in order to save
the expense of an appeal, which without such amendment would neces-
sarily result in a reversal of the judgment.

From Crook: T. E. J. DUFFY, Judge.

This is an action by George H. Brewster against
G. Springer, County Judge, J. F. Blanchard and H. J.
Overturf, County Commissioners, in which plaintiff
prevailed and defendants appeal.   The facts are set
forth in the opinion of the court.   Respondent files
motion to dismiss the appeal.        APPEAL DISMISSED.

*Mr. Jay H. Upton,* for the motion.

*Mr. M. R. Elliott* and *Mr. Willard H. Wirtz,* Dis-
trict Attorney, *contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

The plaintiff, George H. Brewster, by consideration of the Circuit Court of the State of Oregon for Crook County, obtained a judgment against the defendants, G. Springer, as County Judge of that county, and J. F. Blanchard and H. J. Overturf, as County Commissioners thereof, and they appealed. Thereafter, but during the term of court at which the judgment was rendered, an order was made by the trial judge setting aside the judgment on the ground that no findings of fact or of law had been made. Thereupon such findings were made and filed, and predicated thereon judgment was given as in the first instance, and the defendants again appealed. The plaintiff's counsel moves to dismiss the first appeal, because the judgment thus undertaken to be reviewed has been vacated. The defendants' counsel resist the application, contending that, the first appeal having been duly perfected, the trial court thereby lost jurisdiction of the cause, and was powerless to set aside the judgment.

1. In *Smith Typewriter Co.* v. *McGeorge,* 72 Or. 523, 525 (143 Pac. 905, 906), in referring to Section 548, L. O. L., it is said:

"Under the provisions of this statute, the right of a Circuit Court to set aside a judgment and grant a new trial can be exercised only when in the trial of a cause an error has been committed which is so prejudicial to the defeated party that the judgment rendered against him would, if allowed to remain in force, be reversed on appeal. When the trial court, within the time allowed, discovers that such a mistake of law has been made, it may *sua sponte,* or on motion, correct the error by setting aside the judgment and granting a new trial, thereby avoiding the necessity of and the expense that would be incurred by an appeal."

To the same effect, see, also, *Rudolph* v. *Portland Ry., L. & P. Co.,* 72 Or. 560 (144 Pac. 93); *Frederick & Nelson* v. *Bard,* 74 Or. 457 (145 Pac. 669).

2. Notwithstanding an appeal from a judgment may have been taken and perfected, jurisdiction of the cause is retained by the trial court sufficient to empower it, at any time before the appeal is heard and determined, to amend the bill of exceptions so as to make it conform to the facts: *State ex rel.* v. *Estes,* 34 Or. 196 (51 Pac. 77, 52 Pac. 571, 55 Pac. 25); *Bloch* v. *Sammons,* 37 Or. 600 (55 Pac. 438, 62 Pac. 290); *McGregor* v. *Oregon R. & N. Co.,* 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668); *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016); *McCann* v. *Burns,* 73 Or. 167 (136 Pac. 659, 143 Pac. 916, 1099).

3. Analogous to the rules thus established in this state, it must follow upon principle that a trial court may, within the time limited therefor, set aside a judgment and amend the final determination by making and filing findings of fact and of law and render judgment thereon, and that it is not only within the power of that court to make the correction, notwithstanding an appeal may have been taken and not heard, but that the duty devolves upon it to do so, in order to save the expense of an appeal, which without such amendment must necessarily result in a reversal of the judgment.

The first appeal should be dismissed; and it is so ordered.        DISMISSED.