Argued March 15, affirmed March 27, 1917.

## SPEER *v.* SMITH.*

(163 Pac. 979.)

**Witnesses—Cross-examination.**

1. In action on note, where plaintiff testified that he was the owner of a note and defendants desired to show fraud in the transfer, it was error to refuse to permit cross-examination as to the method

*On power of court to grant new trial on its own motion, or on ground other than those urged by moving party, see note in 40 L. R. A. (N. S.) 291.                                        REPORTER.

by which he acquired the note; such cross-examination being as to matters stated in the original examination.

[As to cross-examination for the purpose of discrediting, see note in 57 Am. Rep. 16.]

**Witnesses—Cross-examination—Scope.**

2. Cross-examination is not limited to the exact facts stated on direct examination, but if connected with the direct, the cross may extend to matters tending to limit, explain or qualify the facts stated on direct examination.

**New Trial—Power to Grant.**

3. In an action on a note, tried without a jury, it is within the power of the court to set aside its judgment to correct reversible error.

From Multnomah: George N. Davis, Judge.

Department 1.   Statement by Mr. Justice Harris.

The plaintiff Lyle B. Speer appealed from an order granting a new trial after he had obtained a judgment on a promissory note against the defendants O. H. Smith and Josephine V. Smith. A history of the note involves the sale of real property to the defendants by James A. Speer, the father of plaintiff, the execution of the note for the unpaid part of the purchase price and the delivery of a mortgage on the land to secure the note.   James A. Speer sold certain land on October 29, 1909, to the defendants for $2,500.   The Smiths paid $500 in cash and gave their note for $2,000, the balance of the purchase price, payable five years after October 29, 1909, to the order of James A. Speer, and they secured the note by mortgaging the land.   Under date of December 2, 1914, and in consideration of love and affection, James A. Speer executed a written transfer and assignment of the note and mortgage to his son Lyle B. Speer.   The assignment was not recorded. The Smiths sold their interest in the land and the property subsequently passed, subject to the mortgage, into the hands of Kenneth D. Farr and Lily C. Farr.   Under date of December 18, 1914, the Farrs quitclaimed the premises to James A. Speer.   Waiving the mort-

gage, Lyle B. Speer commenced an action on the note by filing a complaint on April 6, 1915, and alleging that he was the owner and holder of the note for a valuable consideration and that with the exception of certain interest payments the whole amount of the note was due.

The defendants answered by denying that Lyle B. Speer owned the note or that any part of it was due; and they alleged as an affirmative defense that the quitclaim deed from the Farrs to James A. Speer was given in full satisfaction of the debt represented by the note. The defendants charged the father and son with fraud and alleged that James A. Speer was and still is the owner of the note and that the assignment of the note and mortgage was for the sole purpose of enabling the son to bring an action on the note and avoid the payment made to the father. The answer contains other allegations concerning the doings of James A. Speer and Lyle B. Speer in furtherance of their alleged fraudulent purpose. The action was tried without a jury. After having made findings and entered a judgment for the plaintiff the court set aside the judgment and granted a new trial and the plaintiff then appealed.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. Oliver M. Hickey.*

For respondents there was a brief over the name of *Messrs. Johnson & Mathews,* with an oral argument by *Mr. George C. Johnson.*

Mr. Justice Harris delivered the opinion of the court.

1. The court ruled correctly in setting aside the judgment and granting a new trial. Prejudicial error was committed in limiting the cross-examination of

Lyle B. Speer. On direct examination the plaintiff said that he was the owner of the note. He also identified the note and the written assignment of the note and mortgage and explained that the written assignment "is a transfer of the note to me." Arguing to the court that "this is fraud, we have a right to prove the circumstances and especially the knowledge of this witness" the defendants attempted on cross-examination to inquire about the circumstances of the assignment and to ascertain whether the defendant had knowledge of the alleged fraud. The plaintiff objected saying "that this is their case to make out a proof of fraud." The court sustained the objection and allowed an exception and at the same time suggested that the defendants could call the plaintiff as their own witness.

The direct examination opened the doors to the inquiry sought to be made by the defendants and while it is not necessary to relate the whole record it is enough to say that under all the surrounding circumstances the limitation placed upon the right of cross-examination was especially prejudicial to the defendants. Lyle B. Speer was not a mere 'third party, but he was the plaintiff in the action. He alleged and the defendants denied that he' owned the note. He alleged and they denied that the note had been transferred to him. They charged and he denied that the transfer was a sham and only one step in a scheme to defraud defendants. He testified in general but nevertheless comprehensive language that the note had been transferred to him and that he owned it; and the defendants were entitled to ascertain the circumstances of the transfer by cross-examination. Plainly, the cross-examination attempted by the defendants would have been as to matter stated in direct examination: Section 860, L. O. L.

2. The cross-examination is not limited to the exact facts stated on the direct examination but if it is connected with the direct examination the cross-examination may extend to matters tending to limit, explain or qualify the facts stated on direct examination: *Ah Doon* v. *Smith*, 25 Or. 89 (34 Pac. 1093); *Maxwell* v. *Bolles*, 28 Or. 1, 6 (41 Pac. 661); *Oregon Pottery Co.* v. *Kern*, 30 Or. 328, 331 (47 Pac. 917); *Kenny* v. *Walker*, 29 Or. 41 (44 Pac. 501). As stated in *Sayres* v. *Allen*, 25 Or. 211, 214, 215 (35 Pac. 254):

"Within the subject matter of the direct examination, a free range should be allowed in conducting"—

the cross-examination, especially when the person examined is a party to the litigation.

3. Assuming, without deciding, that where a judgment is rendered after a trial by the court without a jury, the authority of the court to grant a new trial is no greater than nor different from the authority exercisable after a trial by a jury, nevertheless, the order setting aside the judgment was correct even though the power of the court be measured by the rules governing a motion for a new trial after a judgment on the verdict of a jury. Under all the circumstances found in the record the rights of the defendants were substantially prejudiced when the court prevented the attempted cross-examination. By granting the motion for a new trial the court merely corrected a reversible error and avoided the necessity of an appeal: *De Vall* v. *De Vall*, 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291); *Smith & Bros. Typewriter Co.* v. *McGeorge*, 72 Or. 523, 525 (143 Pac. 905); *Rudolph* v. *Portland Ry. L. & P. Co.*, 72 Or. 560, 570 (144 Pac. 93, 7 N. C. C. A. 887, note); *Frederick & Nelson* v. *Bard*, 74 Or. 457, 461 (145 Pac. 669); *McGinnis* v.

*Studebaker Corp.* 75 Or. 519, 525 (146 Pac. 825, 147 Pac. 525, L. R. A. 1916B, 868); *Delovage* v. *Old Oregon Creamery Co.,* 76 Or. 430, 435 (147 Pac. 392, 149 Pac. 317); *Pullen* v. *Eugene,* 77 Or. 320, 325 (146 Pac. 822, 147 Pac. 768, 1191, 151 Pac. 474); *Brewster* v. *Springer,* 79 Or. 88, 89 (154 Pac. 418); *Wakefield* v. *Supple,* 82 Or. 595 (160 Pac. 376).

The order setting aside the judgment and granting a new trial is affirmed.    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.