Argued February 17, affirmed March 6, 1928.

## PHILOMATH STATE BANK *v.* E. L. GATES ET AL.

(264 Pac. 855.)

**Trial—In Action for Price of Lumber, Refusal of Instruction on Elements of a Contract Held not Error, in View of Instructions Given.**

1. In action by seller's assignee to recover for lumber sold and delivered in which court instructed that, if assignor sold and delivered No. 1 common lumber, verdict should be for plaintiff, and if lumber purchased was to be according to specifications of Bureau of Public Roads and did not conform thereto, then to find for defendants, refusal of defendants' requested instruction as to essential elements of a contract was not error since jury understood meaning of sale and delivery.

**Appeal and Error—Exclusion of Specifications of Public Roads Bureau was not Reversible Error, Where Seller had No Contractual Relations With Bureau.**

2. In action by seller's assignee to recover for lumber sold and delivered in which issue was whether seller contracted to sell No. 1 lumber or lumber to conform to specifications of United States Bureau of Public Roads, rejection of specifications of Road Bureau offered in evidence was not reversible error where at time specifications were offered it had been shown that government inspector had rejected lumber as not conforming to specifications and seller had no contractual relations with the bureau.

Sales, 35 **Cyc.**, p. 577, n. 11.

From Benton: G. F. SKIPWORTH, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. Mark V. Weatherford.*

For respondent there was a brief over the name of *Messrs. Hill, Marks & McMahan,* with on oral argument by *Mr. Gale S. Hill.*

BELT, J.—Plaintiff commenced this action to recover upon an express contract for the sale and

delivery of certain lumber by its assignor, the Ever-
green Lumber Company, to the defendants. There
is no dispute as to the price or the amount. of the
lumber delivered. The controversy hinges upon the
question: What was the contract of sale? Did the
Evergreen Lumber Company contract to sell and
deliver to defendants No. 1 common lumber, or did it
agree to sell and deliver lumber to conform to certain
specifications of the United States Bureau of Public
Roads? Defendants Gates and Solberg were copart-
ners engaged in the construction, under government
supervision, of the Alsea Highway. Their contract
required, among other things, the construction of
three bridges. It is defendants' contention, so far
as material to a consideration of the questions here
involved, that the lumber delivered was not suitable
for bridge purposes and was not of the kind and
quality ordered. It was rejected by the government.
The cause was submitted to a jury and a verdict re-
turned for the plaintiff. From the judgment entered
thereon, defendants appeal.

1. Defendants complain of the refusal to give their
requested instruction as to the essential elements of
a contract. Relative to the question of contract, the
court advised the jury as follows:

"If you find from the evidence in the case that
the Evergreen Lumber Company sold and delivered
to the defendants number one common lumber, and if
the defendants purchased from the Evergreen Lum-
ber Company number one common lumber, then that
would end the lawsuit, and your verdict should be
for the plaintiff."

"If you find from the evidence in the case that the
contract to purchase was that the lumber in question
was to be according to specifications of the bureau
of public roads, and if you further find from the evi-

dence that said lumber did not come up to the specifications required by the said bureau, then I instruct you that the plaintiff would not be entitled to recover and your verdict should be for the defendants.''

What could be more clear, definite and concise than the above instructions? Yet defendants say that the jury should have been instructed as to the essential elements of a contract. In our opinion to have done so would have tended more towards confusion than enlightenment. The issue was, indeed, a very simple one. We think the jury understood what it means to make a sale and delivery of lumber.

Appellants rely upon *Archambeau* v. *Edmundson,* 87 Or. 476 (171 Pac. 186), but we are unable to see wherein that case is controlling. There the execution and delivery of a written instrument was involved. The trial court, on its own initiative, set aside the judgment and granted a new trial for failure definitely to advise the jury as to what constituted a delivery. There might be confusion in a juror's mind as to whether a deed or a contract had been delivered, within the meaning of the law, but it is not believed that there could be any uncertainty in this case about the delivery of this lumber. In fact, defendants, in their answer allege that ''the whole thereof had been delivered at the places mentioned for the construction of said bridges,'' but aver that it did not comply with their contract of purchase. We see no merit in this assignment.

2. It is urged that error was committed in rejecting the plans and specifications of the Bureau of Public Roads which were offered in evidence. At the time this offer was made it appeared without contradiction that the inspector for the government had re-

jected the lumber for the reason that it did not conform to the specifications above mentioned. He classified it as No. 1 common lumber. We fail to see wherein the rejection of these specifications could, in any way, have affected the verdict of the jury. The Evergreen Lumber Company had contractual relations with the defendants, but not with the Bureau of Public Roads.

The verdict of the jury on the question: "What was the contract?" is conclusive.

Finding no error in the record, the judgment of the lower court is affirmed.                AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.