O'Harra *v.* The City of Portland.

WILLIAM AND CATHARINE O'HARRA, Respondents, *v.*
THE CITY OF PORTLAND, Appellant.

*Appeal from Multnomah County.*

NEGLIGENCE.—LIABILITY OF THE CITY OF PORTLAND.—*Held,* that section 127 of
the charter of the city of Portland, exempts the city from liability for
any injury to the person, growing out of the defective condition of any
street or sidewalk.

THE facts are stated in the opinion.

*Wm. F. Trimble,* for the appellants.

*Stout & Reed* and *Caples & Moreland,* for the respondents.

PRIM, J. This action was brought in the circuit court of
Multnomah county to recover damages sustained by re-
spondents on account of an alleged defect in the sidewalk
of a certain street in the city of Portland. The complaint
alleges "that defendant is a municipal corporation duly or-
ganized under the laws of this state; that among other things,
it is by the charter of said city made its duty to keep the
streets and sidewalks of said city in good order; that the
people of said city accepted said charter imposing said duty,
and undertook the performance thereof prior to the year
1868; that a certain street in said city, known as Fifth street,
was and is much used and traveled by the citizens and
others, so much so that the said duty of said defendant, as
to said street, became at the time hereinafter mentioned a
matter of public and general concern." It is further alleged
that, "on or about the eighth day of July, 1868, Catharine
O'Harra, one of plaintiffs, while traveling over the sidewalk
of said Fifth street, was, on account of a defect therein, pre-
cipitated through said sidewalk, whereby she was injured,"
etc.

Each and every allegation of the complaint is denied in
the answer, except that defendant is a municipal corpora-
tion, etc.

The trial resulted in a verdict for respondents in the sum of $2,000, on which judgment was entered.

A number of questions were raised and discussed in the argument of this case, but the only one which we deem necessary to be decided by this court at present is, whether the city of Portland is liable, under the provisions of its charter, to any one for injuries to the person growing out of the defective condition of its streets.

Section 347 of the code provides, that "an action may be maintained against a municipal corporation * * * * for an injury to the rights of the plaintiff, arising from some act or omission of such corporation." This section of the code was adopted in 1862, and the legislature, in adopting it, evidently intended to authorize the maintenance of such actions as this against municipal corporations. But in 1864, two years afterwards, and prior to the happening of the injury complained of in this action, the legislature amended the charter of the city of Portland, by the adoption of section 127, which provides, that "the city of Portland is not *liable* to any one for any injury to the person * * * growing out of the condition of any streets." (Special laws of 1864, p. 26.)

This provision of the charter, it will be seen, expressly exempts the city from any liability to persons for injuries received on account of streets being defective or out of repairs.

But it is urged, that this provision of the charter is unconstitutional, and therefore void. To sustain this proposition, section 21 of article 1 of the constitution of the state is cited, which provides, among other things, that "no law impairing the obligation of contracts shall ever be passed." How this amendment of the charter violates this provision of the constitution, we are unable to see; for it is not contended that there is any express contract on the part of the city to be responsible for the defective condition of its streets and sidewalks; and it certainly cannot be claimed that there is an implied contract to that effect, when in the very act of the legislature under which the city is incor-

porated it is expressly provided, that it shall not be liable for injuries to the person growing out of the defective condition of its streets and sidewalks.

The court being of the opinion that the city is not liable under this provision of its charter for such injuries as are set out in the complaint, it is ordered that the judgment of the circuit court be reversed.