## PULLEN v. EUGENE.*

(146 Pac. 822; 147 Pac. 768; 147 Pac. 1191; 151 Pac. 474.)

New Trial—Scope of Remedy.

1. On motion for new trial, the court can only re-examine the facts, and should not consider errors of law.

New Trial—Grounds—Statute.

2. Section 174, L. O. L., prescribing grounds for granting new trial, does not restrict the court to the grounds specified.

New Trial—Granting of.

3. Where the court discovers that it erroneously sustained a demurrer to the answer, it may at any time while it has jurisdiction of the cause grant a new trial on its own motion.

*As to the liability of highway officers for negligence, see notes in 22 L. R. A. 824 and 52 L. R. A. (N. S.) 142.

For cases passing upon the right of the court to grant new trial on its own motion, or on grounds other than those urged by the moving party, see note in 40 L. R. A. (N. S.) 291.      REPORTER.

Appeal and Error—Exceptions—Necessity.

4. An order sustaining a demurrer to the answer being made upon the matter in writing and on file in the court, no exception is necessary under Section 172, L. O. L., to obtain review on appeal.

Constitutional Law—Remedy—Statute.

5. The charter provision that a city should not be liable to any person for injuries caused by defects in sidewalks or streets, unless the mayor, the chairman of street committee, or the street commission shall have had actual notice and reasonable opportunity to repair the defect, and that in no case shall more than $100 be recovered as damages from the city, is not in violation of Article I, Section 10, of the Constitution, declaring that every person shall have remedy by due process of law for injuries done his person, property or reputation; for, as the city council is given power to repair the streets and sidewalks, one injured by reason of defects may maintain an action against the city officers for their breach of official duty.

Municipal Corporations—Officers—Liability of.

6. Though the mayor and councilmen of a city received no compensation for such services, they were liable for injuries received by reason of a defective way, where, with notice of the defects, they did not repair them, although authorized by the charter to do so.

[As to liability of ministerial officer to private person for misperformance and nonperformance of official duties, see note in 95 Am. St. Rep. 72.]

Municipal Corporations—Injuries on Streets—Statutes Limiting Recovery—Repeal—Effect.

7. A judgment of $2,000 against a municipality for personal injuries was set aside because the charter limited a recovery in such cases to $100. Subsequently such charter provision was repealed, and plaintiff moved for an order directing a judgment upon the verdict. *Held* that, since the repealing enactment did not provide for the maintenance of existing causes of action, plaintiff could not recover more than the amount originally limited.

From Lane: LAWRENCE T. HARRIS, Judge.

Department 1. Statement by MR. CHIEF JUSTICE MOORE.

This is an action by Josie Pullen against the City of Eugene, a municipal corporation, to recover damages for a personal injury. The plaintiff, Josie Pullen, was returning at night from the business section of the City of Eugene to her home in company with her husband, who stepped on the outer end of a broken plank in the sidewalk, thereby elevating one end of

the middle fracture, over which she stumbled and fell, sustaining an injury. The complainant charges that the defendant negligently constructed on Willamette Street a sidewalk, and carelessly permitted it to become dilapidated; that the defendant and its agents had knowledge of such conditions, ·or, by the exercise of reasonable diligence, should have known them; and that, in consequence of such defects, the plaintiff fell and was injured, particularly setting forth the manner of building the sidewalk, the defects therein, and the negligence complained of.

The answer admits that the defendant is a municipal corporation, and that the street where the injury occurred is used for public travel, but denies all the other averments of the complaint. For a further answer it is alleged in effect:

(1) That the defendant was incorporated by an act of the legislative assembly, filed in the office of the Secretary of State February 18, 1905; (2) that Section 116 of such act reads (setting forth a copy thereof as hereinafter quoted): "That neither defendant nor the council, chairman of the street committee, or street commissioner of said city at any time prior to the alleged accident and injury mentioned in said complaint had any notice, actual or otherwise, of the said alleged dangers or defective condition, defect, or dangerous place of the sidewalk referred to in the complaint, if such condition existed."

For a second defense, paragraph 1 of the first separate answer is repeated, and it is further alleged:

"That at and prior to the time of the occurrence of the alleged injury which plaintiff claims to have received, defendant had provided the necessary officers of defendant city to take charge of the improvement and repair of sidewalks in said city, and had performed all other acts required by the charter of said city to accomplish said purposes; that at the time of

said alleged injury defendant and its mayor, council, street commissioner, chairman of the street committee, and officers and employees had no notice, actual or otherwise, of any defect, dangerous condition, or dangerous place in the sidewalk mentioned in plaintiff's complaint; that defendant exercised reasonable care and prudence in doing all the things, and 'aking all the steps appropriate, or requisite by said ' narter, to maintain said sidewalk in a safe condition.''

A demurrer to the first separate defense was sustained. The remaining averments of new matter in the answer were denied in the reply, and the cause, having been tried, resulted in a verdict and judgment in plaintiff's favor for the sum of $2,000. Thereupon the defendant's counsel, based upon affidavits, moved to set aside the judgment and for a new trial on the grounds of newly discovered evidence; that the damages awarded were excessive; insufficiency of the evidence to justify the verdict; and error in law occurring at the trial and excepted to by the defendant.

The motion was allowed for the reason, as stated by the court, that the defendant was entitled to avail itself of the defense afforded by Section 116 of the city charter, and that an error had been committed in denying the assertion of such right. From the order granting a new trial the plaintiff appeals.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. L. M. Travis* and *Mr. A. K. Meck.*

For respondent there was a brief over the names of *Mr. O. H. Foster* and *Messrs. Skipworth & Lewis,* with an oral argument by *Mr. Jay L. Lewis.*

Opinion by MR. CHIEF JUSTICE MOORE.

1-4. It is contended that upon a motion for a new trial, which is an application for a re-examination of an issue of fact, the court was not authorized to set aside the judgment in consequence of having sustained a demurrer to the answer, which ruling is a determination of an issue of law, and hence an error was committed in this respect. A text writer, in discussing the subject of a new trial observes:

"The question as to the sufficiency or insufficiency of the evidence to justify the findings raises a plain issue of fact, and is properly determined on a new trial motion. It is otherwise, however, as to the insufficiency of the evidence to justify the judgment. Upon the same principle—viz., that a new trial is a re-examination of an issue of fact—it has been held that errors in rulings upon demurrers to pleadings cannot be reviewed on motion for new trial. It is manifest that this is a correct application of the principle; for, if final judgment is given upon the demurrer for either plaintiff or defendant, there would be no issue of fact, in the case": Hayne, New Trial and Appeal (Rev. ed.), § 1.

It will be remembered that the demurrer herein challenged the sufficiency of only one ground of defense, thereby leaving for trial an issue of fact with respect to the second defense.

In 14 Ency. Pl. & Pr. 718, in speaking of the statutory grounds for a new trial, it is said:

"In the various Codes and practice acts attempts have been made to enumerate and briefly state the grounds for new trial. Such enumeration does not restrict the inherent power of courts to relieve a party where justice has not been done, or to grant new trials for any other sufficient causes not enumerated, unless the restriction is express."

Our statute prescribes seven grounds for setting aside a judgment and granting a new trial: Section 174, L. O. L. This enactment does not restrict an exercise of such right to the particular instances specified: *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291). If at any time while jurisdiction of cause is retained it is discovered that such an error has been committed as would necessitate a reversal of the final determination reached in the trial of the cause, the court, committing such mistake of law, may, on motion of the party aggrieved, thereby or at its own instance voluntarily set aside the judgment and grant a new trial, thereby avoiding the necessity of an appeal: *De Vall* v. *De Vall,* 60 Or. 493 (118 Pac. 843, 120 Pac. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.) 291); *Taylor* v. *Taylor,* 61 Or. 257 (121 Pac. 431, 964); *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641); *L. C. Smith & Bros. Typewriter Co.* v. *McGeorge,* 72 Or. 523 (143 Pac. 905); *Frederick & Nelson* v. *Bard,* 74 Or. 457 (145 Pac. 669). If, however, an error was committed in sustaining the demurrer to the first cause of defense, the court on its own initiative was authorized to set aside the judgment and grant a new trial. Nor was it necessary, when the demurrer was sustained, to save an exception to the court's ruling, since it was made upon a matter in writing and on file in the court: Section 172, L. O. L.

5. The remaining question is whether or not Section 116 of the municipal charter violates a clause of the organic law of the state which provides that:

"Every man shall have remedy by due course of law for injury done him in his person, property or reputation": Article I, Section 10, of the Constitution of Oregon.

The part of the charter referred to reads:

"The City of Eugene shall not in any event be liable in damages to any person for an injury caused by any defect or dangerous place at or in any sidewalk, crosswalk, street, alley, bridge, public grounds, public buildings, or ditch, unless the mayor, chairman of the street committee, or street commissioner shall have had actual notice of such defect or dangerous place, and a reasonable time thereafter in which to repair or remove such defect or dangerous place before the happening of such accident or injury, and in no case shall more than $100 be recovered as damages, from the city for any such accident or injury."

Upon considering the demurrer the trial court was of the opinion that the language last quoted trenched upon the clause of the fundamental law referred to. When, however, the motion for a new trial was interposed, the court, having carefully examined the charter and discovered that its provisions did not exempt any officer of the city from liability for damages from an injury resulting from negligence in failing to keep a sidewalk in repair, set aside the judgment. In *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687), the charter provided that:

"Neither the city nor any member of the council thereof shall in any manner be held liable for any damages resulting from a defective condition of any street, alley, or highway thereof."

And it was held that such clause was repugnant to Section 10 of Article I of the original act of the state. In *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287), a clause of the charter exempted Oregon City from liability for loss occasioned by accident on account of the condition of any street, but not exonerating any officer for a casualty caused by the willful neglect or gross negligence of such officer,

and it was determined that the charter practically denied a remedy to any person injured in conseqeuence of the carelessness of agents of the city.

By Section 48 of the charter of the City of Eugene authority is conferred upon the common council to levy, assess and collect taxes upon all nonexempt property (subdivision 1); to appropriate for any item of city expenditure, and provide for the payment of the expenses of the city (subdivision 40); to prevent and remove all obstructions from the streets, alleys, cross-walks, sidewalks, public parks, and other public places, and to repair and clear the same at the expense of the property fronting on such improvement, or of the city (subdivision 51). The common council is also empowered to improve or repair any street or alley, or any part thereof: Section 50.

In *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287), it is said:

"Though there is a conflict of judicial utterance as to the common-law liability of a city for a failure to keep a street in repair, the weight of authority supports the principle that, when a charter invests a municipal corporation with exclusive control over the streets within its limits, and authorizes it to employ the means necessary to improve and maintain such highways, a duty to the public arises by implication of law to keep the streets that have been opened for travel in a reasonably safe condition; and for any injury that may result from a failure to discharge such obligation the city, without any statutory provision to that effect, must respond in damages."

In addition to the authorities there cited, see, also, the notes to the cases of *Browning* v. *City of Springfield,* 17 Ill. 143 (63 Am. Dec. 345), *Goddard* v. *Inhabitants of Harpswell,* 84 Me. 499 (24 Atl. 958, 30 Am. St.

Rep. 373), and *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287).

To recover for a loss occasioned by official dereliction of duty, not involving more than $100, an action may be maintained against the defendant herein. If, however, the amount of injury caused by the negligence of the defendant or its agents exceeds that sum, an action may be maintained against the officers of the municipality whose duty it was to cause the street to be repaired, and to see that the highway was kept in suitable condition for public travel. Since such a remedy is availing, the section of the charter referred to does not violate the clause of the fundamental law of the state.

No error was committed in setting aside the judgment and granting a new trial, and the order to that effect is affirmed.                    AFFIRMED.

Mr. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.

---

Rehearing denied April 20, 1915.

ON PETITION FOR REHEARING.

(147 Pac. 768.)

The Circuit Court having been affirmed in setting aside the judgment rendered therein and granting a new trial, the appellant files in this court a petition for rehearing. Upon the hearing of said application the rehearing was denied and the former opinion sustained.

REHEARING DENIED.

*Mr. L. M. Travis* and *Mr. A. K. Meck,* for the appellant.

*Messrs. Skipworth & Lewis,* for the respondent.

Department 1.  Opinion by MR. CHIEF JUSTICE MOORE.

6. In a petition for rehearing it is maintained that, though the charter of the City of Eugene confers upon the common council authority to repair a street and to defray the expense thereof either by taxing all the nonexempt property in the municipality or by imposing upon the premises specially benefited an assessment for the improvement made (Special Laws Or. 1905, p. 255, c. 7, § 48, subd. 51), the mayor and councilmen upon whom such obligation primarily devolves are not liable for any injury sustained by reason of their nonfeasance in failing to discharge that duty, nor are they responsible for the misfeasance of their subordinates, since the officers particularly designated receive no compensation for their services: *Id.,* § 34.

The case relied upon to support the principle asserted is *Nowell* v. *Wright,* 3 Allen (Mass.), 166 (80 Am. Dec. 62), which was an action to recover damages sustained by the plaintiff's wife by falling into a river at night, in consequence of the negligence of the defendant, a bridge-tender, who, while operating the draw of the span, failed to shut the gates thereat or to hang out lanterns as warnings of danger. The court, having found that the appointment of the keeper of the bridge was not honorary, nor that his services were gratuitous, determined that, as a public officer, he was responsible for his acts of misfeasance, on the ground that his labor was voluntary and attended with compensation, and his duty was entire, absolute,

perfect and personal, and not only were his services such as he was under obligation to perform, but he was also clothed with ability to discharge the duty both in respect to the means at his command and the legal authority to act, irrespective of superior officers. That case has been cited as a recognized authority by the Supreme Judicial Court of Massachusetts in several of its decisions, but we have not found an instance in which the want of compensation by an officer for the performance of the services required of him has been considered as a prerequisite to the liability imposed. The rule so adopted in that state has been adhered to, but the decisions of that court have been put on other grounds. Thus in *Moynihan* v. *Todd,* 188 Mass. 301, 305 (74 N. E. 367, 108 Am. St. Rep. 473), in referring to the preceding case relied upon herein, it is said:

"We are of opinion that the principle which underlies the rule that public officers and other agencies of government are not liable for negligence in the performance of public duties goes no further than to relieve them from liability for nonfeasance and for the misfeasance of their servants or agents. For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public duty as when otherwise engaged. We think that the general course of decisions in this commonwealth is not in conflict with this view. But, for acts of misfeasance of a servant or agent in such cases, there is no liability. This is because the rule *respondeat superior* does not apply."

In *Bartlett* v. *Crozier,* 17 Johns. (N. Y.) 439, 450 (8 Am. Dec. 428), it was held that a civil action would not lie against an overseer of highways by an individual who had sustained an injury in consequence of the negligence of such officer in failing to keep a

bridge in repair.   In deciding that case, Chancellor Kent observes:

"When the laws render a public officer liable to special damages for neglect of duty, the cases are those in which the services of the officer are not uncompensated or coerced, but voluntary and attended with compensation, and where the duty to be performed is entire, absolute, and perfect."

The case last mentioned is referred to in *Adsit* v. *Brady,* 4 Hill (N. Y.), 630, 632 (40 Am. Dec. 305), where it is said:

"When an individual sustains an injury by the misfeasance or nonfeasance of a public officer, who acts or omits to act contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of the case."

In *Robinson* v. *Chamberlain,* 34 N. Y. 389, 396 (90 Am. Dec. 713), it was ruled that a contractor who, pursuant to law, had been employed by the state and received a compensation for performing a public duty, was liable to any person sustaining special damage in consequence of his failure to discharge such obligation.

The case of *Piercy* v. *Averill,* 37 Hun (N. Y.), 360, was an action against the mayor and aldermen of the City of Ogdensburg, New York, to recover damages for a personal injury resulting from the defendant's failure to cause snow and ice to be removed from a sidewalk, whereby the plaintiff slipped, fell, and was hurt.   A demurrer to the complaint having been overruled, an interlocutory judgment was rendered, in reversing which it was said:

"The general rule in this state is that public officers, charged with a ministerial duty, are answerable in damages to anyone specially injured by their careless-

ness and negligent performance of, or an omission to perform the duties of, their office.''

Further in the opinion it is observed:

''The defendants again urge that they are not liable for a neglect of their duty, because by the city charter the city is declared not to be liable for any injury caused by a sidewalk being out of repair, or by slipping upon snow or ice thereon. They argue that, if the principal is not liable, they [the agents], are not. It is hardly accurate to say that the city and the common council stand merely in the relation of principal and agent. * * But, if we adopt the view that the common council are the agents of the city, still there is no reason why an agent should not suffer for damages occasioned by his wrongful act, even though his principal be not liable. If a statute should relieve a railroad company from any liability for the wrongful act of its servants, there would be no reason why the servants should not continue liable for their own wrongful acts. If the doctrine of *respondeat superior* were abolished, the doctrine that he who does an injury should pay the damages he has caused would be unaffected.''

It is also remarked:

''A further argument is that public policy should forbid us to hold the defendants liable, inasmuch as such a rule of liability would drive from the common council persons of responsibility. We cannot give much weight to this argument. The defendants say we ought to be allowed to accept office and knowingly to neglect our duties, without any liability to those whose limbs are broken through our negligence, because no responsible persons will accept office, except on the condition that they may neglect its duties with impunity. It is enough to say in reply to this that it is better to have irresponsible officers who attend to their duties than responsible officers who do not.''

In the decisions last mentioned no reference is made to the doctrine announced in the case of *Bartlett v. Crozier,* 17 Johns. (N. Y.) 439 (8 Am. Dec. 428), to the effect that, in order to render a public officer liable to special damages for neglect of duty, it must appear that his services were voluntary and for compensation. We conclude, therefore, that the principle announced by the Chancellor in the original case was in the later case regarded as no longer controlling.

If the payment of compensation to a public officer for a performance of the duties required of him is to determine the question of liability for his negligence, then the amount of his salary is immaterial, so that, if he annually received a nominal sum only, his responsibility would be the same as if he were well paid for his services. The mere statement of such inequitable consequences that would necessarily result from the case supposed conclusively illustrates the absurdity of the doctrine maintained. If the mayor and the councilmen have funds or the authority to procure them, and, neglecting their duty, make no effort to obtain such means, they are liable in failing to repair a street, if they had notice of the defect: *Bates* v. *Horner,* 65 Vt. 471 (27 Atl. 134, 22 L. R. A. 824).

In *Grant* v. *Baker,* 12 Or. 329 (7 Pac. 318), it was held that an action would lie against such officers to recover damages resulting from personal injury alleged to have been caused by their failure to keep a street in repair, though nothing was said in the opinion with respect to any compensation having. been paid to the councilmen.

The mayor and councilmen of the City of Eugene are not parties hereto, and anything said or intimated in this opinion will not conclude them from controverting their liability for the damages sustained by the

plaintiff, if she institutes an action against them. Without deciding the question, however, it is believed that she has a *prima facie* right of action against them.

The former opinion is therefore adhered to and a rehearing denied.

REHEARING DENIED.    FORMER OPINION SUSTAINED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.

---

Denied May 18, 1915.

SECOND PETITION FOR REHEARING.

(147 Pac. 1191.)

This is a second application and petition for a rehearing herein.    The reason for denying this petition is set forth in the opinion of the court.

SECOND PETITION FOR REHEARING DENIED.

*Mr. L. M. Travis* and *Mr. A. K. Meck,* for appellant and for petition.

*Messrs. Skipworth & Lewis* and *Mr. O. H. Foster,* for respondent and against petition.

Department 1.    Opinion by MR. CHIEF JUSTICE MOORE.

In a second petition for rehearing, judgment for $100, the limit of a recovery against the municipality, is demanded, together with the costs and disbursements incurred at the trial and on the appeal.    Had the request been made when the motion to set aside the judgment and grant a new trial was interposed,

a very different conclusion would probably have been reached by the trial court.  Speculating, however, upon a reversal of the ultimate judgment, it was insisted upon appeal that errors had been committed in granting the original motion.  When the judgment was affirmed, an offer was made to accept a judgment against the city for the sum for which a recovery might have been had.

This application comes too late, and for that reason is denied.

SECOND PETITION FOR REHEARING DENIED.

MR JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.

---

Denied September 14, 1915.

PETITION TO RECALL MANDATE.

(151 Pac. 474.)

The order and judgment of the lower court setting aside the verdict of the jury for $2,000 in favor of plaintiff, and granting a new trial, was affirmed on appeal, and plaintiff now moves to recall the mandate heretofore issued and for an order directing judgment to be entered on the verdict in her favor.

PETITION DENIED.

*Mr. L. M. Travis* and *Mr. A. K. Meck,* for appellant and for the petition.

*Messrs. Skipworth & Lewis* and *Mr. O. H. Foster,* for respondent and against the petition.

Department 1.  Opinion by MR. CHIEF JUSTICE
MOORE.

7. This is a motion to recall a mandate and to secure
an order directing a judgment to be entered on a ver-
dict.   The plaintiff was injured by falling on a side-
walk in the City of Eugene, and in an action against
that municipality to recover the damages sustained
she secured a verdict and judgment for $2,000.   This
judgment was set aside by the trial court, because the
defendant's charter limited a recovery in such cases
to $100.   The action of the trial court was affirmed
on appeal; this court holding that the clause of the
charter was not violative of Article I, Section 10, of
the Constitution of Oregon, which declares that every
person shall have remedy by due process of law for
injuries done his person, property or reputation, for,
as the city council was given power to repair side-
walks, anyone hurt by reason of a defect therein
might maintain an action against the city officials
for a breach of their duty: *Pullen* v. *Eugene, ante,*
p. 320 (146 Pac. 822, 147 Pac. 768, 1191).   The man-
date from this court having been sent down, an
amended complaint was filed by leave of court, mak-
ing as parties defendant the city officers whose breach
of duty is asserted to have been the cause of the acci-
dent.   Thereafter the clause of the charter was re-
pealed, at an election held for that purpose, where-
upon this motion was interposed; the plaintiff's coun-
sel insisting that, the impediment against a recovery
of more than $100 having been removed, judgment
should now be entered as originally given.

In *Newsom* v. *Greenwood,* 4 Or. 119, it was held
that an enactment repealing or modifying the remedy
of a party should not be so construed as to affect ac-
tions or suits brought before the repeal or modifica-

tion. The repeal of a law conferring jurisdiction, however, takes away the right to proceed as to all actions undetermined at the time of the repeal, unless there is a saving clause in the abrogating enactment: *State v. Ju Nun,* 53 Or. 1 (97 Pac. 96, 98 Pac. 513). "Legislation which prejudicially affects vested rights or the legal character of past transactions," says Mr. Justice BEAN, in *Judkins* v. *Taffe,* 21 Or. 89, 91 (27 Pac. 221, 222), "will not be construed as retroactive, unless it is declared so in the act, and the courts will give to such enactments a prospective rather than a retroactive construction, if possible." A certified copy of the enactment, repealing the limitation clause of the charter, having been sent up, an examination thereof shows that no provision was made therein for the maintenance of existing causes of action thereunder. The plaintiff's remedy, if more than $100 is undertaken to be recovered, is against the city officers, as it existed prior to the repeal of the limiting clause of the charter.

The petition should be denied, and it is so ordered.

PETITION DENIED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.