Argued July 14, 1921, reargued January 25, reversed and remanded March 21, rehearing denied May 9, costs taxed May 16, 1922.

## PLATT *v*. NEWBERG ET AL.

(205 Pac. 296.)

**States—State and Its Agencies may not be Sued for Injuries from Failure to Discharge Governmental Duties.**

1. Neither the state nor any of the agencies created by it for the discharge of governmental duties are liable to an action by a citizen for injuries arising from failure to discharge such duties, unless the right of action is given by statute.

---

For authorities passing on the question of liability of municipal corporation for defects or obstructions in streets, see notes in 103 **Am. St. Rep.** 257; 20 **L. R. A. (N. S.)** 513.

Municipal Corporations — Implied Liability for Injuries from Defects in Streets Does not Arise, Where Charter Exempts from Liability.

2. When a city charter invests the city with exclusive control over its streets, and authorizes it to employ means necessary to improve and maintain them, a duty to the public is implied by law to keep them in a reasonably safe condition; but this implied liability does not arise where the charter imposing the duty expressly exempts the city from liability for failure to discharge the duty.

Municipal Corporations—Liability of Officers for Injuries from Defects in Street Unaffected by Charter Provision Exempting City from Liability.

3. A charter of a municipality exempting it from liability for injuries from defects in the streets does not affect the right of action against officers or agents of the city, arising out of their negligent failure to discharge the duty imposed upon them of keeping the streets in repair.

Constitutional Law — Municipal Corporations — Statute Exempting Municipal Corporation from Liability for Injuries from Defects in Streets Held Valid.

4. Constitution, Article I, Section 10, providing that "every man shall have remedy by due course of law for injury done him," is subordinate to the doctrine that the state and its agencies cannot be sued without its consent, and does not render invalid a provision in a city charter exempting the city from liability for injuries from defects in streets, sidewalks, etc., unless it had actual notice of the defect in reasonable time to repair the same, and that the damages recovered shall not exceed $100.

Municipal Corporations — In Repairing Roads, a City Enjoys the State's Immunity from Private Action.

5. When the duty of keeping highways in repair is delegated to a municipality, in the discharge thereof the municipality exercises a governmental duty, and in the absence of statute, enjoys the immunity from private action that attaches to the state.

Municipal Corporations—Where Charter Limits City's Liability for Injuries from Defect in Street to One Hundred Dollars, Plaintiff, Seeking to Recover More Than That Sum, Should be Nonsuited.

6. In an action for injuries sustained from a defect in a street, in view of a provision of the city charter that not over $100 could be recovered, where plaintiff sought to recover more than $100, she should have been nonsuited in favor of the city.

Municipal Corporations—Evidence of Negligence of Municipal Officials Held Sufficient to Go to Jury.

7. In an action for injuries from defects in a street against a city and city officials charged with the duty to provide for the repair of streets and sidewalks, evidence of negligence of the city officials held sufficient to go to the jury.

From Yamhill: HARRY H. BELT, Judge.

In Banc.

Plaintiff instituted this action to recover damages for injuries, which she alleged she sustained because of the defective condition of a sidewalk in the defendant city.

The defendant George Larkins was the mayor, and defendants L. M. Moore, Thomas Sutton, D. D. Coulson, W. W. Silver and Q. M. Keiling were members of the common council of said defendant City of Newberg.

A trial was had, and at the conclusion of plaintiff's evidence, the court granted a judgment of nonsuit in favor of the mayor and councilmen of said city, and denied a motion for like judgment interposed in behalf of the defendant city. The trial resulted in a verdict and judgment against the defendant City of Newberg, and the latter prosecutes this appeal from that judgment.

Plaintiff appeals from the judgment of nonsuit in favor of the mayor and members of the common council.

The evidence disclosed that plaintiff is seventy-nine years of age, and that on July 8, 1919, she was walking with her daughter along Willamette Street, near Eighth and Ninth Streets, in the City of Newberg, a short distance from the place where she had resided for a number of years; and that while she was proceeding along the sidewalk, the daughter of plaintiff stepped upon one of the boards in the walk, which broke under her weight, causing the other end to tip up sufficiently to catch the plaintiff's foot or toe, whereupon she fell, severely injuring her arm and shoulder.

It further appeared in the testimony that the sidewalk in question was constructed and laid about ten years previous to plaintiff's injury; that no repairs thereon had been made since it was constructed, and that no inspection or examination had been made thereof, for the purpose of ascertaining the condition or state of repair of the walk, for several years at least, prior to plaintiff's injury, with the exception that perhaps one or more members of the common council might have passed along the street or over the walk, directing casual observations thereat. No actual notice had been given defendant of any defect therein.

There was some evidence that the board which broke and injured plaintiff had become weakened by decay; there was some evidence that the board broke because of a large knot therein, which so weakened it that it would not sustain the weight of a pedestrian without breaking; there was also evidence that the board which broke, together with other boards along this portion of the sidewalk had been permitted by time and inattention to become loose, and that the nails which originally held the boards in place had disappeared.

REVERSED AND REMANDED. REHEARING DENIED.
COSTS TAXED.

For appellant there was a brief over the name of *Messrs. Wilbur, Spencer, Beckett & Howell,* with oral arguments by *Mr. Ralph W. Wilbur* and *Mr. C. R. Chapin.*

For respondent there was a brief over the name of *Messrs. C. D.* and *D. C. Latourette,* with oral arguments by *Mr. Earl C. Latourette* and *Mr. B. A. Kliks.*

McCOURT, J.—The charter of the defendant City of Newberg was enacted by the legislature (Special Laws 1893, pp. 282–318) and vests in the municipality exclusive authority and control over the highways within its limits, and imposes upon the corporation the duty of improving such highways and keeping the same in repair, and gives to it ample power to secure the means and funds necessary to make such improvements and repairs. The powers and duties granted by the charter are vested in the mayor and council and their successors in office. The charter also provides for the election of a superintendent of streets, and prescribes as his duties that he shall keep himself "informed of the condition of all public streets, alleys, highways, bridges * * and shall, in connection with the committee on streets and public property, have the supervision of all work done for the construction, improvement and repair thereof, * * He shall see that the provisions of all laws, ordinances and regulations relating to the public streets * * are strictly enforced."

Provision is also made in the charter limiting and restricting the liability of the municipality for failure or omission to discharge the foregoing duty, as follows:

"The City of Newberg shall not in any event be liable in damages to any person for an injury caused by any defect or dangerous place, at or in any sidewalk, cross walk, street or alley, bridges, public grounds, public buildings, sewer, drain, gutter, or way, unless said city shall have had actual notice of such defect or dangerous place and had a reasonable time thereafter in which to repair or remove such defect or dangerous place before the happening of such accident or injury, and in no case shall more than one hundred dollars be recovered from the city for such accident or injury."

The defendant contends that the above-quoted provision of the charter has the effect of defeating plaintiff's right of recovery in this action. On the other hand, plaintiff insists that it is beyond the legislative power to exempt a municipality from liability arising out of the failure to discharge the duty of keeping its streets in repair imposed by its charter, and further that the duty thus imposed is administrative and corporate in character, and that liability in like circumstances existed at common law, and any attempt by the legislature to impair plaintiff's remedy to enforce the same, violates the guarantee of the Constitution, that "every man shall have remedy by due course of law for injury done him in his person, property or reputation." Section 10, Art. I, Oregon Constitution.

The quoted provision of the Constitution, and related provisions, were borrowed from Magna Carta (12 C. J. 1287), and make the doctrine and maxim of the common law, "there is no wrong without a remedy," a fixed and permanent rule of law in this state.

1. A rule of the common law of equal dignity exempted the sovereign from being impleaded in the courts, and left the citizen without remedy for injuries sustained through the failure to discharge governmental duties. This latter rule still prevails in the United States: 25 R. C. L. 412. The state exercises the power and duties of sovereignty, and neither it nor any of the agencies created by it for the discharge of governmental duties are liable to an action by a citizen for injuries arising from the failure to discharge such duties, unless the right of action is given by statute.

2. The inquiry presented by the contentions of the parties to this appeal has been considered by this court in numerous cases. The decisions in those cases hold that when a charter invests a municipal corporation with exclusive control over the streets within its limits and authorizes it to employ the means necessary to improve and maintain such highways, a duty to the public arises by implication of law to keep the streets that have been opened for travel in a reasonably safe condition, and for any injury that may result from failure to discharge such obligation, the city, without express statutory provision to that effect, must respond in damages; but that such implied liability does not arise where the charter imposing the duty expressly exempts the municipality from liability for failure to discharge this duty: *O'Harra* v. *City of Portland,* 3 Or. 525; *Rankin* v. *Buckman,* 9 Or. 253; *Sheridan* v. *City of Salem,* 14 Or. 328 (12 Pac. 925); *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687); *Batdorff* v. *Oregon City,* 53 Or. 402, (100 Pac. 937, 18 Ann. Cas. 287); *Pullen* v. *Eugene,* 77 Or. 320 (146 Pac. 822, 147 Pac. 768, 1191, 151 Pac. 474, Ann. Cas. 1917D, 933); *Humphry* v. *Portland,* 79 Or. 430 (154 Pac. 897); *Coleman* v. *La Grande,* 73 Or. 521 (144 Pac. 468); *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795, 15 L. R. A. 730).

3. The foregoing decisions also declare that charter provisions like that of defendant city, exempting a municipality from liability, do not give any new right of action against the officers or agents of the city, charged with the specific duty of keeping the streets in repair, and hold that under such a charter, one injured by a defective street has, and always had, a right of action against such officers or agents for

injury arising out of their negligent failure to discharge the duty imposed upon them, which right of action is unaffected by a charter provision exempting the municipality from liability.

4. Relying upon the rules of law declared in the foregoing decisions, the legislature so long as it exercised the power to create municipal corporations, incorporated in many municipal charters enacted by it, provisions exempting the municipality from liability for failure to discharge the duty of keeping streets in repair, and the power of the legislature in that respect has been recognized by this court from an early day, and it would seem that the question of the right to exercise that power was firmly settled in this state. (See cases above cited.)

However, the authority of the legislature to exempt a municipality from liability in such circumstances was questioned in the recent cases of *Colby* v. *City of Portland,* 85 Or. 359 (166 Pac. 537), and *Caviness* v. *City of Vale,* 86 Or. 554 (169 Pac. 95). In those cases the subject was discussed for the purpose of elucidating other points, as the question of the power of the legislature to exempt municipal corporations from such liability was not before the court.

In the case of *Caviness* v. *City of Vale,* 86 Or. 554 (169 Pac. 95), Mr. Chief Justice McBRIDE, referring to *Colby* v. *Portland, supra,* said:

"In the case last mentioned we intimated a doubt as to the constitutionality of a charter provision which took away from a citizen a perfectly plain and efficacious remedy, and left in its place a partial and unsubstantial one; and this conviction has grown stronger in the mind of the writer from further consideration of the subject and examination of the authorities, as well as from a knowledge of

the fact that the rule announced in *O'Harra* v. *Portland,* 3 Or. 525, and *Rankin* v. *Buckman,* 9 Or. 253, and followed in other cases, has not been found in practice to be workable to the extent of affording adequate redress to persons injured by reason of neglect in the repair of streets."

Counsel for the plaintiff strenuously argues that the decisions in the cases of *Colby* v. *Portland* and *Caviness* v. *Vale* overrule the previous decisions of this court upholding the authority of the legislature to exempt a municipality from liability for injury arising upon account of defective streets. We think those decisions do not have that effect.

5. The duty of keeping highways in repair is primarily a state function, and when that duty is delegated to a municipality, the latter acts as a subordinate agency of the state, and in the discharge thereof exercises a governmental duty: Elliott on Roads and Streets (3 ed.), § 496; *East Portland* v. *Multnomah County,* 6 Or. 62; *Sheridan* v. *Salem,* 14 Or. 328 (12 Pac. 925); *Simon* v. *Northup,* 27 Or. 487, 501 (40 Pac. 560, 30 L. R. A. 171); *Humphry* v. *Portland,* 79 Or. 430 (154 Pac. 897).

"The paramount and primary control of the highways of a state, including the streets in the cities, is vested in the legislature." *East Portland* v. *Multnomah County,* 6 Or. 62, 65.

"It is universally conceded that municipal corporations are organized in the main for governmental purposes; and that the opening, improvement and repair of public streets in a town are purely matters of a public interest; and that the use and enjoyment of them belong to the public generally." *Sheridan* v. *Salem,* 14 Or. 328 (12 Pac. 925).

"The law is too well settled to be questioned that the public highways of a city are not the private property of the municipality, but are for the use of the general public, and that, as the legislature is

the representative of the public at large, it has, in the absence of any constitutional restriction, paramount authority over such ways, and may grant the use or supervision and control thereof to some other governmental agency, so long as they are not diverted to some use substantially different from that for which they were originally intended. * * A city occupies, as it were, a dual relation to the state,—the one governmental or political, and the other proprietary or private. In its governmental or political capacity it is nothing more than a mere governmental agent, subject to the absolute control of the legislature, except as restricted by the constitution, and such property and easements as it may have in public streets and ways is held by it in such capacity, and at the will of the legislature." *Simon* v. *Northup,* 27 Or. 487, 501 (40 Pac. 560, 563, 30 L. R. A. 171).

And in the case of *Humphry* v. *Portland,* 79 Or. 430 (154 Pac. 897), Mr. Chief Justice MOORE, speaking for the court, said:

"It is incumbent * * upon a city to keep its improved streets in reasonable repair, and in discharging that obligation the municipal corporation necessarily exercising a governmental duty for the benefit of the general public."

An eminent text-writer says:

"Municipal corporations are generally required to construct and keep in repair the public ways within their limits. These, however, are for the use, not of their own citizens merely, but of all of the people of the state, and any duty they owe to keep them in repair is a duty to the state, and not to individuals. It is well settled, therefore, that at the common law a municipal corporation is not liable to an individual for neglect to keep a highway in repair, whereby he suffers an injury in using it." 2 Cooley on Torts (3 ed.), p. 1310, and cases cited in note 45.

In discharging a state duty, the municipality stands in the place of the state, as its instrument or agent, and in the absence of statute authorizing the same, enjoys the immunity from private action that attaches to the state: Elliott on Roads and Streets (3 ed.) §§ 538, 2721.

In recognition of the general rule that neither the state nor its subordinate agencies are liable to a private action without express statutory authority, the New England States, Arkansas, California, Michigan, Wisconsin, New Jersey and South Carolina hold that in the absence of a statute giving a right of action therefor, a municipality is not liable for a negligent failure to repair streets: McQuillin on Municipal Corporations, § 2721; *Humphry* v. *Portland,* 79 Or. 430, 445 (154 Pac. 897).

The courts of virtually all of the other states, and also the Supreme Court of the United States, hold that when a municipality is given exclusive authority and control over streets within its limits, and has expressly imposed upon the corporation the duty of keeping the same in repair and has granted it ample powers to provide the funds and the means necessary to make such repairs, the municipality is liable to a person sustaining an injury because of such nonrepair and subject to an action in favor of the person injured, and this is so in the absence of express statutory provision to that effect: 4 Dillon on Municipal Corporations (5 ed.), §§ 1689, 1708; McQuillin on Municipal Corporations, § 2719.

The courts that adhere to the foregoing rule of implied liability do not agree upon the grounds upon which the doctrine is based, and eminent text-writers concede that the doctrine is exceptional, inasmuch as it is denied by the same courts in respect to

counties, townships and towns without charters, and also denied in other matters wherein the municipal corporation proper is charged with duties relating to governmental affairs, but it is said the doctrine is fully vindicated by the decisions, and has found a sound and wholesome place in American jurisprudence: McQuillin on Municipal Corporations, § 2720; 4 Dillon on Municipal Corporations (5 ed.), §§ 1714–1716.

In every case where the duty to keep streets in repair is imposed upon the municipality, whether there is a liability resulting from negligence for its nonperformance and right of action therefor, depend upon the provisions of the particular statute; so that when a municipality, by its charter is vested with exclusive control and authority over its streets, and a clearly defined and absolute duty is imposed upon the municipality to improve and keep its streets in repair, accompanied by ample powers to provide the necessary means and funds therefor, the courts that adhere to the doctrine of implied liability, discover in such provisions a clear legislative intention to subject the municipality to private action.

In effect, such charter provisions are held necessary to imply the consent of the state that the municipality may be sued by one injured upon account of the failure to discharge the state duty delegated by the charter.

When the charter that imposes the duty expressly exempts the municipality from liability for such injuries, the requisite consent of the state that the municipality may be sued is withheld, and these same courts uniformly declare that in such cases a private action against the corporation cannot be maintained.

The cases hold with little, if any, dissent, that the legislature may exempt a municipality from liability for defects in highways, or may also modify such liabilities or take them away: *Schigley* v. *Waseca,* 106 Minn. 94 (118 N. W. 259, 16 Ann. Cas. 169, 19 L. R. A. (N. S.) 689); *MacMullen* v. *Middletown,* 187 N. Y. 37 (79 N. E. 863, 11 L. R. A. (N. S.) 391); *Elam* v. *Mt. Sterling,* 132 Ky. 657 (117 S. W. 250, 20 L. R. A. (N. S.) 512, and cases found in note at p. 526); *Schaffer* v. *Fond Du Lac,* 99 Wis. 333, (74 N. W. 810, 41 L. R. A. 287); 13 R. C. L. 315; 12 C. J. 1289; 28 Cyc. 1265; 4 Dillon on Municipal Corporations (5 ed.), § 1709.

In the case of *Schigley* v. *Waseca,* 106 Minn. 94 (118 N. W. 259, 16 Ann. Cas. 169, 19 L. R. A. (N. S.) 689), the court said:

"An individual has no right of action against the state for its failure to construct and maintain the highways in proper condition, and, as against the will of the state, he has no greater right against an agency of the state to which it has delegated the performance of such duties. But the state may, if it chooses, authorize a right of action if the municipality neglects the proper performance of its duties; and, as we have seen, an intention to authorize such an action is inferred when a chartered municipality is given full power of control over the streets and highways within its limits. A right of action against the municipality is thus a matter of legislative favor, and may be granted absolutely or conditionally. When it has been held to exist by implication, it may be taken away by the legislature, without violating any constitutional right of the individual."

The courts of New York were among the first to give strong support to the doctrine of implied liability of municipal corporations for injuries arising from defective streets.

In the case of *MacMullen* v. *Middletown,* 187 N. Y. 37 (79 N. E. 863, 11 L. R. A. (N. S.) 391), Mr. Justice GRAY, speaking for the court, said:

"It seems very clear to me that, in the distribution, through charters, to municipalities, of governmental powers and of administrative duties within the described territories, there is no limitation upon the regulative power of the legislature. For the breach of a duty imposed for the public benefit, it may grant, or deny a remedy to an individual who has sustained damage, and, in granting a remedy, impose conditions upon the right to enforce it. It seems to me that a thoughtful consideration of the nature of these public corporations, and of the principles which underlie their creation, leads irresistibly to the just conclusion that they can only be subjected to liabilities to the extent and in the manner that the charter permits, expressly or impliedly. * * It is by force of the special, or statutory, charter that municipal corporations come under a liability for a breach or neglect of corporate duties imposed, which is enforceable by every individual interested in their performance. * *

"The charter of the defendant made the common council commissioners of highways for the city. They were charged with the duty of keeping the streets in proper condition, and were empowered to require the owners and occupants of buildings or lots to clean the snow and ice from the sidewalks. That these provisions of the charter would make the municipality responsible for the acts of its officials as corporate agents, in the absence of any restrictive clause, may be regarded as having been settled by the decision of this court in the case of *Conrad* v. *Ithaca,* 16 N. Y. 158, the authority of which has been repeatedly recognized since. * * But this doctrine, or rule, of responsibility furnishes no satisfactory reason why the legislature, which creates this public corporation, may not, validly, in the exercise of its conceded general powers of control, deny to the individual the right to maintain a private action against

104 Or.—11

it, or restrict the right by any regulation which it deems proper.''

Judge DILLON states the rule as follows:

''The liability of the municipality for a defect is implied from the provisions of the statutes, such as provisions charging the municipality with the duty of keeping the streets in proper condition, and rests upon the proposition that the municipal corporation, under a grant from the sovereign power, has agreed expressly or impliedly to do certain things, and its neglect to do them exposes it to public prosecution or to a private action by any person injured thereby. But this doctrine or rule of responsibility does not prevent the legislature, which creates the municipal corporation, from validly denying, in the exercise of its conceded general powers of control, the right to maintain a private action against it for an injury to the individual, or the power of the legislature to restrict that right by any regulation which it deems proper.'' Dillon on Municipal Corporations (5 ed.) § 1709.

The power of the legislature to exempt a municipality from liability for failure to discharge the duty imposed upon it by charter to keep its streets in repair was expressly affirmed by this court in the cases of *O'Harra* v. *Portland,* 3 Or. 525; *Rankin* v. *Buckman,* 9 Or. 253; *Sheridan* v. *Salem,* 14 Or. 328 (12 Pac. 925); *Templeton* v. *Linn County,* 22 Or. 313 (29 Pac. 795, 15 L. R. A. 730); *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687); *Batdorff* v. *Oregon City,* 53 Or. 402 (100 Pac. 937, 18 Ann. Cas. 287); *Pullen* v. *Eugene,* 77 Or. 320 (146 Pac. 822, 147 Pac. 768, 1191, 151 Pac. 474, Ann. Cas. 1917D, 933); *Humphrey* v. *Portland,* 79 Or. 430 (154 Pac. 897).

In the case of *Mattson* v. *Astoria,* 39 Or. 577 (65 Pac. 1066, 87 Am. St. Rep. 687), the court said:

"That it is within the power of the legislature to exempt a city from liability to persons receiving injuries on account of streets being defective or out of repair, is unquestioned."

And again in *Humphry* v. *Portland,* 79 Or. 430 (154 Pac. 897), the court said:

"It is conceded, however, that by a proper enactment the liability thus imposed upon a municipal corporation may be shifted to its officers or agents."

The foregoing authorities amply sustain the power of the legislature to exempt the city from liability in the discharge of governmental duties, or to restrict or modify any liability existing against the city, whether the same arises by implication or by express statutory provision.

The authorities reviewed establish that the provision of the Constitution upon which plaintiff relies (Section 10, Art. I, Const.) has no application to a case which involves the sovereign privilege of the state and its subordinate agencies of immunity from private action. The rule of law, that "every man shall have a remedy by due course of law for injury done him," is subordinate to the doctrine that the state cannot be sued without its consent. Thus when consent is given to sue either the state or a municipality, when acting as a state agent, it is a matter of legislative favor, and may be withdrawn at any time, or modified or restricted at the will of the legislature.

It is true that the remedy of the citizen who is authorized to sue a city, as well as its officers, is likely to be more efficacious than if he was permitted to sue the officers only, and likewise he will have a more perfect remedy in case of injury on a state highway if the state consents to be sued in respect

thereto, than if his only remedy is against the officer or agent of the state, whose neglect produces his injury. But whether he shall be accorded a remedy against the municipality in one case, and against the state in the other, are legislative, and not judicial, questions.

6. It follows that the provisions of the charter limiting the liability of the defendant city to $100 for injuries due to the nonrepair of streets, and exempting it from liability altogether unless actual notice was had of the defect, was a valid exercise of legislative power, and as plaintiff is seeking to recover more than $100, judgment of nonsuit should have been granted by the Circuit Court in favor of the defendant city: *Pullen* v. *Eugene,* 77 Or. 320 (146 Pac. 822, 147 Pac. 768, 1191, 151 Pac. 474, Ann. Cas. 1917D, 933).

The defendant Larkins, as mayor, and defendants Moore, Sutton, Coulson, Silver and Keiling, as members of the common council of the said city, were charged by the charter with the specific duty to provide for the repair of streets and sidewalks. And it was further made the duty of defendants Moore and Sutton, as members of the street committee, to supervise all work of repairing streets and sidewalks. They were required to use reasonable diligence in performing the aforesaid duties, which included making provisions for reasonable inspection to discover wherein, if at all, streets and sidewalks might require repairs, and for reports thereof to the common council where any such repairs were found necessary; also provision for the prompt making of repairs demanded, and reasonable diligence to ascertain whether those whom defendants commissioned to make such inspections and reports, as well as those

whom they might designate to make needed repairs, were performing the duties assigned to them: *Colby v. Portland,* 85 Or. 359 (166 Pac. 537).

7. At the close of plaintiff's case some evidence had been introduced tending to show that defendants had omitted to observe the duties enjoined upon them in respect to discovering and making needed repairs upon the sidewalk where plaintiff was injured. The evidence also discloses that the sidewalk had been constructed about ten years previously; that no repairs had been made upon it at any time subsequent to its construction; that many of the boards that formed the surface of the walk, including the one that injured plaintiff, and others near the same, were loose, and endangered pedestrians using the walk; and that the board which injured plaintiff was defective by reason of decay or inherent weakness.

In view of the evidence mentioned, the plaintiff was entitled to have the cause submitted to the jury as to the defendants Larkins, Moore, Sutton, Coulson, Silver and Keiling, and the Circuit Court erred in granting a judgment of nonsuit in favor of said defendants.

The judgment of the Circuit Court is reversed and the cause is remanded for proceedings in accordance with this opinion.

BURNETT, C. J., took no part in the consideration of this case.

McBRIDE and BEAN, JJ., dissent.

REVERSED AND REMANDED.    REHEARING DENIED.
COSTS TAXED.