Argued May 24, reversed and remanded June 28, 1974

SHIFTON, *Respondent, v.* NORTH CLACKAMAS
SCHOOL DISTRICT No. 12 ET AL (No. 79182),
*Appellants.*

523 P2d 1296

*Henry C. Willener,* Portland, argued the cause for appellant North Clackamas School District No. 12. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Gordon Moore and Ridgway K. Foley, Jr., Portland.

*Walter J. Cosgrave,* Portland, argued the cause for appellant Jack McGoldrick. With him on the briefs were Cosgrave & Kester, Portland.

*Thomas S. Moore,* Portland, argued the cause for respondent. With him on the brief were Morrison, Bailey, Dunn, Cohen & Miller, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an action in which the plaintiff through his guardian ad litem is seeking damages for injuries suffered in a school chemistry laboratory explosion. Plaintiff alleged negligence against his high school instructor and North Clackamas School District No. 12 in that (1) inadequate supervision was provided, (2) quantities and types of chemicals were provided capable of resulting in a violent explosion, and (3) the chemistry laboratory was equipped with books containing suggested experiments that could result in violent explosions without providing sufficient warnings thereof. After a jury verdict and a special finding favoring defendants, the plaintiff moved for a new trial based upon an affidavit of his attorney. Oral arguments were heard on the motion; it was granted;

and the defendants appeal from the resulting order setting aside the verdict and allowing the new trial.

Paragraph 1 of the motion, which is the only part material to this appeal, states:

"1. Defendant McGoldrick [the instructor], having testified at trial that he gave plaintiff a mimeographed set of safety rules which included directions not to stir compounds with metal spatulas and not to mix compounds in vials, now reportedly feels that testimony was erroneous.
"* * * * *."

The part of the affidavit of plaintiff's attorney which was submitted as the only support of this paragraph of the motion states:

"It is my further recollection that Mr. McGoldrick made quite a point in his testimony concerning the rules of safety passed out to all students which provided specific and correct instructions on the two points Dr. Wesley [an expert witness] felt to be important.

"Within a few days after the jury verdict, Mr. McGoldrick's attorney called me and said that his client, on further reflection, felt that his testimony was incorrect as he was not sure that the safety rules had been given to plaintiff's class * * *."

During the argument on the motion Mr. Gordon Moore, attorney for the School District, after having heard Mr. Walter J. Cosgrave, who was defendant McGoldrick's attorney, say that the statement in the affidavit of plaintiff's attorney quoted above "states it pretty correctly," said to the court:

"I'd want to cross-examine the man, see if he testified honestly, to his best recollection at that time, and these various things."

The court did not allow this request, but in a letter opinion said:

"Please be advised that plaintiff's motion to set aside the verdict and judgment and grant a new trial will be allowed on the grounds and for the reason as set forth in paragraph 1 of that motion * * *.

"It was argued to the court that this was not grounds for a new trial under ORS 17.610. It would appear to the court that this could be construed as being an irregularity in the proceedings of the adverse party. Even though it may not come under one of the seven grounds set forth in that statute, the law in this state appears to provide that this statute does not restrict an exercise of the right to a new trial to the particular instances specified. The enumeration in the statute does not restrict the inherent power of courts to relieve a party where justice has not been done, nor to grant new trials for any other sufficient causes not enumerated. (See Pullen v. Eugene, 77 Or 320 and Van Lom v. Schneiderman, 187 Or 119)."①

---

① See Larson v. Heintz Const. Co. et al, 219 Or 25, 68-76, 345 P2d 835 (1959), for an exhaustive discussion of the authority of a trial court to grant a new trial where the allegation is made that a witness, or a party witness, will recant his testimony. Pullen v. Eugene, 77 Or 320, 146 P 822, 147 P 768, 147 P 1191, 151 P 474, 1917D Ann Cas 933 (1915), cited in the court's letter opinion, is discussed there. In *Larson,* the court treated an allegation of recanted testimony by a witness in the context of a motion for new trial as coming under ORS 17.610 (4), that is, newly discovered evidence. See 219 Or at 69. This being so, if it is ground for a new trial it is subject to the often-stated tests:

"'* * * "(1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be merely impeaching or contradicting the former evidence" * * *.

"'* * * * *.'" 219 Or at 71.

It may be significant here that the trial court did not apparently consider such tests, or the application of *Larson* to the situation. See also State v. Truxall, 2 Or App 214, 467 P2d 643 (1970); State v. Oland, 1 Or App 272, 461 P2d 277 (1969), Sup Ct *review denied* (1970).

On appeal, the essence of defendants' contentions is that there was no ground for setting aside the verdict under ORS 17.610 and that there was not otherwise ground therefor stated in the affidavit. They also contend that the affidavit contains double hearsay and that the School District's request for cross-examination of McGoldrick with reference to it should have been allowed if it were to be seriously considered. Other contentions are raised in the briefs that are unnecessary to discuss in arriving at our decision. We think the defendants are correct with reference to each of the principal points for which they contend.

The plaintiff was a 17-year-old senior and a student laboratory assistant to the chemistry instructor at Rex Putnam High School. Lab assistants were an aid to instructors while enriching their own education. A starting chemistry class was in the first month of its instruction on September 21, 1971, and in class at that time, when the plaintiff requested permission of McGoldrick, the class instructor, to go into the laboratory and prepare an experiment. Permission was granted and McGoldrick continued lecturing. The experiments done were generally prepared and executed as demonstrations for the benefit of class instruction as it progressed. The class was studying Chapter 1 in its chemistry book at that time. There was no instruction concerning explosions or the means of making them in this chapter of the book. The laboratory was open only to McGoldrick and laboratory assistants.

When plaintiff went into the laboratory, he leafed through a manual entitled "Tested Demonstrations in Chemistry" until in Chapter 18 he came upon those involving the use of phosphorus. One such ex-

periment described the mixing of .10 gram each of red phosphorus and potassium chlorate which together would approximate the size of a match head and which, when combined and struck, would produce a "deafening report." Plaintiff mixed in a glass test tube somewhere between 65 and 100 times the volume prescribed in the manual and proceeded to stir the ingredients with a metal spatula. On about the third stir of the material it exploded, causing plaintiff serious injury.

McGoldrick testified that he had handed out to the class at the beginning of the year safety instructions containing a list of do's and don'ts. These included instruction against using a glass vial or test tube or a metal spatula in any experiment such as that which plaintiff undertook.

ORS 17.610 lists seven causes for granting a new trial. The ones of these upon which the court could possibly have acted in granting a new trial are (1), (2) and (4):

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial.

"(2) Misconduct of the jury or prevailing party.
"* * * * *

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.
"* * * * *"

The court in its letter opinion stated that "this could be construed as being an irregularity in the proceedings of the adverse party * * *." This refers to ORS 17.610 (1) above. It is not clear that the court's order was based on this part of the statute, however, because it went on and said, "Even though it may not come under one of the seven grounds * * * [the court has] inherent power * * * to relieve a party where justice has not been done * * *." This also is obviously unclear as to the reason for the court's action. The court's formal order granting the new trial states that the order is "[b]ased upon said written opinion * * *."

Due to the indefinite language of the letter opinion, we are not sure what the action was based upon. The affidavit containing the hearsay merely states that the witness was "unsure" whether he had given the list of safety instructions to the "plaintiff's class." At the trial, McGoldrick testified:

> "In our safety program we hand out at the beginning of the year, there's a list of do's and don'ts, and one of the don'ts was do not use a spatula to mix with and that would have been given to him at the start of his chemistry back in Integrated Science 2.
>
> "* * * * *
>
> "* * * [W]hen I start each chemistry course, I always hand out these safety regulations."

We do not think a fair consideration of these statements is that he was saying he was *sure* the instructions were given to plaintiff's class. He did not say he remembered giving them specifically to plaintiff's class.

■ The matter covered in the affidavit cannot accurately be labeled "new evidence," even though in

*Larson v. Heintz Const. Co. et al,* 219 Or 25, 345 P2d 835 (1959) (*see* n 1), recanted testimony is, under ORS 17.610, said to be so considered. We say this because McGoldrick was extensively examined and cross-examined on his memory of the matter while he was a witness. So also was the plaintiff. If it could be so labeled, the court should be sparing in its granting of a new trial therefor. *Marshall v. Martinson,* 264 Or 470, 477, 506 P2d 172 (1973); *State v. Davis,* 192 Or 575, 235 P2d 761 (1951). Giving it a fair appraisal, we find nothing in the affidavit that creates assurance that McGoldrick would testify materially differently than he did the first time if he were to testify again in a new trial. Therefore, there is little ground to believe the outcome would be changed. *See State v. Gordon,* 208 Or 455, 464, 302 P2d 214 (1956).

■ ORS 17.625 provides that when a motion for new trial is supported by affidavits the adverse party may offer counteraffidavits. McGoldrick himself is an adverse party, but he offered no counteraffidavit. The other defendant, the School District, wanted to examine McGoldrick with reference to the hearsay credited to him in the affidavit.

In *Carson v. Brauer,* 234 Or 333, 382 P2d 79 (1963), the question involved affidavits of alleged juror misconduct. In n 1 the specially concurring opinion, differing from the reasoning of the majority opinion on other grounds, stated:

"It is my opinion that if the trial court believes, on the basis of the affidavits, that there may have been serious misconduct, it holds a hearing on the matter with witnesses sworn and cross-examination permitted. In light of ORS 17.615-17.625 and State v. Magers, 36 Or 38, 58 P 892, the correctness of this procedure is not free from doubt, but normally it is the only method by which the trial court can de-

termine the facts. Affidavits are admissible evidence in only a few instances. ORS 45.120. They are admissible to support a motion for a new trial on the ground of misconduct. They are the weakest kind of evidence. 32 CJS 1075, Evidence § 1032, n 81." 234 Or at 348.

■ Given the uncertainty shown by the record for the reason for granting the motion, lack of indication that the outcome would be changed by a changed shading in McGoldrick's testimony, and lack of opportunity afforded defendant School District to demonstrate how little or great that shading might really be, we are persuaded by the language used in *Schmitz v. Yant,* 242 Or 308, 314, 409 P2d 346 (1965):

"It should be made clear that as between the conflicting principles of allowing the trial judge wide discretion in granting new trials and of protecting the jury system as an effective method of deciding disputes this court believes the latter to be of the greater consequence."

Reversed and remanded for reinstatement of the verdict.